# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MUGRIDGE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MARQUEZ J L PROPERTIES LLC, et al.,<br><br>　　　　Defendants. | Case No. 1:15-cv-00834-LJO-SAB<br><br>ORDER SETTING SHOW CAUSE HEARING<br><br>September 15, 2015 at 9:30 a.m. |

On September 15, 2015, the Court held a show cause hearing for Plaintiff David Mugridge to show cause why sanctions should not be issued against him for failing to comply with two court orders. Plaintiff's attorney was ordered to appear in person. However, Plaintiff failed to appear at the show cause hearing. Accordingly, the Court issues sanctions as set forth below.

**I.**

**BACKGROUND**

On June 1, 2015, the Court issued an Order Setting Mandatory Scheduling Conference ("the June 1 Order"). (ECF No. 3.) The June 1 Order set a scheduling conference for September 15, 2015 at 9:30 a.m. in Courtroom 9 (SAB) before the undersigned magistrate judge. The June 1 Order also ordered Plaintiff to serve a copy of the June 1 Order on Defendants promptly in order to provide Defendants with notice of the scheduling conference. (See Order Setting

1

Mandatory Scheduling Conference, at pg. 2:3-7.) The June 1 Order further required all parties to file a Joint Scheduling Report one week prior to the scheduling conference date. (See Order Setting Mandatory Scheduling Conference, at pg. 2:14-15.) Accordingly, the Joint Scheduling Report was due in this action on September 8, 2015.

No Joint Scheduling Report was filed by any party in this action. On September 11, 2015, three days after the deadline for the Joint Scheduling Report, the Court issued an order to show cause why the parties should not be sanctioned for their failure to comply with the June 1 Order ("the September 11 OSC"). (ECF No. 7.) Written responses to the Court's order to show cause were due by noon on September 14, 2015.

On September 12, 2015, Defendant Marquez J L Properties LLC filed a response to the September 11 OSC. (ECF No. 8.) Defendants Michelle Barnett and Barnett Insurance Agency filed their response on September 14, 2015. (ECF No. 10.) Plaintiff did not file a response. Plaintiff did, however, file a Notice of Settlement and Request for Dismissal on September 13, 2015. (ECF No. 9.) The Notice of Settlement contained no reference to the September 11 OSC.

On September 14, 2015, the Court issued an order discharging the September 11 OSC with respect to Defendants based upon their written responses ("the September 14 Order"). However, the September 11 OSC was not discharged with respect to Plaintiff. The Court set a show cause hearing for September 15, 2015 at 9:30 a.m. and ordered Plaintiff's attorney to appear in person to show cause why sanctions should not be issued against him.[1]

On September 15, 2015, the order to show cause hearing was held by the Court. Neither Plaintiff nor his attorney appeared.

## II.

## DISCUSSION

"Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule 110. The Court possesses

---

[1] Although the September 15 show cause hearing was set on short notice in the September 14 order, the Court deliberately set the hearing for the same date, time, and place as the initial scheduling conference, which Plaintiff should have been planning on attending since the initial scheduling conference was never vacated.

inherent authority to impose sanctions to manage its own affairs so as to achieve the orderly and expeditious disposition of cases. Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991).

In order to compensate the Court for the time and resources wasted on this matter, including the time spent issuing multiple orders arising from the failure to comply with the June 1 Order and the time spent holding a show cause hearing where Plaintiff failed to appear, the Court will sanction Plaintiff in the amount of $100.00, payable to the Clerk of the Court.

In order to coerce Plaintiff to comply with the Court's orders, the Court will issue additional sanctions at a rate of $100 per day for every day Plaintiff fails to respond to the Court's orders to show cause. See Lasar v. Ford Motor Co., 399 F.3d 1101, 1110 (9th Cir. 2005) (discussing court's authority to impose civil sanctions "intended to be remedial by coercing the defendant to do what he had refused to do."). These daily sanctions will cease accumulating if and when Plaintiff files a written response explaining his failure to comply with the Court's prior orders.

Finally, the Court sets a further show cause hearing on Tuesday, September 22, 2015 at 9:00 a.m. Both Plaintiff and his attorney shall be required to appear at the show cause hearing in person. Plaintiff is forewarned that failure to appear at the show cause hearing will result in further sanctions, including revocation of Plaintiff's attorney's admission to practice in this district. See Chambers, 501 U.S. at 43.

## III.

## CONCLUSION AND ORDER

Based upon the foregoing, it is HEREBY ORDERED that:

1. Plaintiff and his attorney are sanctioned in the amount of $100.00 for their failure to comply with the Court's orders and failure to appear at the September 15 show cause hearing;

2. Plaintiff and his attorney shall be sanctioned $100.00 per day, starting on September 15, 2015, for every day Plaintiff fails to file a written response to the Court's orders to show cause;

///

3. Plaintiff and his attorney shall appear in person for a show cause hearing on Tuesday, September 22, 2015 at 9:00 a.m. in Courtroom 9 (SAB) before United States Magistrate Judge Stanley A. Boone; and

4. The Clerk of the Court is directed to mail a copy of this order to Plaintiff's attorney at the following address:

> Law Offices of Layne Hayden
> 3805 N West
> Fresno, CA 93705
> laynehayden@yahoo.com

IT IS SO ORDERED.

Dated: **September 15, 2015**

UNITED STATES MAGISTRATE JUDGE

4