# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MUGRIDGE,<br><br>  Plaintiff,<br><br>  v.<br><br>MARQUEZ J L PROPERTIES LLC, et al.,<br><br>  Defendants. | Case No.  1:15-cv-00834-LJO-SAB<br><br>ORDER IMPOSING SANCTIONS AGAINST PLAINTIFF'S ATTORNEY |

On September 22, 2015, the Court held a show cause hearing for Plaintiff David Mugridge to show cause why sanctions should not be issued against him for failing to comply with several court orders.  Plaintiff David Mugridge and his attorney, Layne Eric Hayden, appeared in person at the show cause hearing.  For the reasons set forth below, the Court imposes sanctions in the amount of $200.00, payable to the Clerk of the Court, against attorney Layne Hayden.

**I.**

**BACKGROUND**

On June 1, 2015, the Court issued an Order Setting Mandatory Scheduling Conference ("the June 1 Order").  (ECF No. 3.)  The June 1 Order set a scheduling conference for September 15, 2015 at 9:30 a.m. in Courtroom 9 (SAB) before the undersigned magistrate judge.  The June 1 Order also ordered Plaintiff to serve a copy of the June 1 Order on Defendants promptly in

order to provide Defendants with notice of the scheduling conference.  (See Order Setting Mandatory Scheduling Conference, at pg. 2:3-7.)  The June 1 Order further required all parties to file a Joint Scheduling Report one week prior to the scheduling conference date.  (See Order Setting Mandatory Scheduling Conference, at pg. 2:14-15.)  Accordingly, the Joint Scheduling Report was due in this action on September 8, 2015.

No Joint Scheduling Report was filed by any party in this action.  On September 11, 2015, three days after the deadline for the Joint Scheduling Report, the Court issued an order to show cause why the parties should not be sanctioned for their failure to comply with the June 1 Order ("the September 11 OSC").  (ECF No. 7.)  Written responses to the Court's order to show cause were due by noon on September 14, 2015.

On September 12, 2015, Defendant Marquez J L Properties LLC filed a response to the September 11 OSC.  (ECF No. 8.)  Defendants Michelle Barnett and Barnett Insurance Agency filed their response on September 14, 2015.  (ECF No. 10.)  Plaintiff did not file a response.  Plaintiff did, however, file a Notice of Settlement and Request for Dismissal on September 13, 2015. (ECF No. 9.)  The Notice of Settlement contained no reference to the September 11 OSC.

On September 14, 2015, the Court issued an order discharging the September 11 OSC with respect to Defendants based upon their written responses ("the September 14 Order"). However, the September 11 OSC was not discharged with respect to Plaintiff.  The Court set a show cause hearing for September 15, 2015 at 9:30 a.m. and ordered Plaintiff's attorney to appear in person to show cause why sanctions should not be issued against him.[1]

On September 15, 2015, the order to show cause hearing was held by the Court.  Neither Plaintiff nor his attorney appeared.  The Court issued another show cause order setting a further hearing for September 22, 2015 ("the September 15 Order").  (ECF No. 13.)  The Court imposed sanctions in the amount of $100.00 and an additional $100.00 per day for every day Plaintiff failed to respond to the Court's orders.

///

---

[1] Although the September 15 show cause hearing was set on short notice in the September 14 order, the Court deliberately set the hearing for the same date, time, and place as the initial scheduling conference, which Plaintiff should have been planning on attending since the initial scheduling conference was never vacated.

Plaintiff filed a written response to the order to show cause on September 15, 2015. (ECF No. 14.) Mr. Hayden informed the Court that he had been working with Defendants to reach a settlement in this action. Mr. Hayden checked his e-mail for any communications from the Court, but did not see any. However, he later realized that the e-mails from the Court regarding all of the prior orders had been pushed back to another page in his e-mail program and he did not see them.

At the show cause hearing on September 22, 2015, Mr. Hayden further informed the Court that he did not realize that the Court's June 1 Order required him to serve that order on Defendants.

## II.

## DISCUSSION

"Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule 110. The Court possesses inherent authority to impose sanctions to manage its own affairs so as to achieve the orderly and expeditious disposition of cases. Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991).

In the Court's September 15 Order, the Court sanctioned Plaintiff in the amount of $100.00, payable to the Clerk of the Court. That sanction shall remain in effect.

The September 15 Order also issued additional sanctions at a rate of $100 per day for every day Plaintiff fails to respond to the Court's orders to show cause. See Lasar v. Ford Motor Co., 399 F.3d 1101, 1110 (9th Cir. 2005) (discussing court's authority to impose civil sanctions "intended to be remedial by coercing the defendant to do what he had refused to do."). However, since Plaintiff responded to the September 15 Order on the same day, these sanctions did not accrue.

However, the Court will order additional sanctions in the amount of $100 to reimburse the Court for the time and resources expended as a direct consequence of Plaintiff's failure to comply with the June 1 Order and serve the scheduling order on Defendants. The Court notes that Plaintiff's failure to serve the June 1 Order on Defendants also resulted in Defendants

3

expending time and resources responding to the Court's order to show cause. Accordingly, the total amount of monetary sanctions issued by this Court against Plaintiff under both this order and the September 15 Order shall be $200.00. Since it is apparent that Plaintiff's attorney, but not Plaintiff himself, was solely responsible for the failure to comply with the Court's order, the Court will impose these sanctions solely on Plaintiff's attorney.

## III.

## CONCLUSION AND ORDER

Based upon the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's attorney is sanctioned in the amount of $100.00 for his failure to comply with the Court's orders and failure to appear at the September 15 show cause hearing;

2. Plaintiff's attorney is sanctioned in the amount of $100.00 for failing to read and comply with the June 1 Order by failing to serve that order on Defendants;

3. The total amount of $200.00 in sanctions shall be payable to the Clerk of the Court.

IT IS SO ORDERED.

Dated:   **September 22, 2015**

UNITED STATES MAGISTRATE JUDGE